IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-198-FL

| | |
|---|---|
| ANGELA T. O'NEAL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONNIE HARRISON, in his official )<br>capacity as Wake County Sheriff; and )<br>THE OHIO CASUALTY INSURANCE )<br>COMPANY, as surety, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted (DE 11). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R"), wherein it is recommended defendant's motion be granted in part and denied in part. No objections to the M&R were filed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R.

### BACKGROUND

In her complaint, removed to this court on April 2, 2014, plaintiff claims that she was subjected to discrimination on the basis of sex and race during her employment as a detention officer at the Wake County Sheriff's Office, under the direction of defendant Donnie Harrison, in his official capacity as Wake County Sheriff. Plaintiff also claims that she was subjected to retaliation for asserting a charge of discrimination. She seeks compensatory and punitive damages, under Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and state common law, against defendant Harrison and his surety, defendant Ohio Casualty Insurance Company (collectively, "defendants").

Defendants move to dismiss the action for failure to state a claim and for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1). In the M&R, the magistrate judge recommends granting in part and denying in part the motion to dismiss. No objections to the M&R were filed.

## COURT'S DISCUSSION

A.   Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it

2

contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.2009) (citations omitted).

A motion to dismiss under 12(b)(1) may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the plaintiff, in effect, is afforded the same procedural protection as [s]he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).

B.  Analysis

In the M&R, it is recommended that the following claims asserted by plaintiff be dismissed for failure to state a claim upon which relief may be granted: (1) Title VII failure to promote claim

3

based upon gender (Compl. ¶¶ 56-63), (2) Title VII hostile work environment claim (Compl. ¶¶ 49, 57), (3) wrongful discharge in violation of public policy (Compl. ¶¶ 71-90), and (4) claim for punitive damages (Compl. ¶¶ 54, 62, 69). Finding no clear error in the M&R, upon careful review of the record and the applicable law, the court adopts the M&R, and such claims are dismissed. Defendants' motion to dismiss as to these claims is granted.

In the M&R, it is recommended that the following claims be allowed to proceed: (1) Title VII failure to promote claim based upon race (Compl. ¶¶ 48-55), (2) Title VII retaliation claim (see Compl. ¶¶ 37-47, 64-70), (3) intentional infliction of emotional distress (Compl. ¶¶ 91-96), (4) negligent retention/supervision (Compl. ¶¶ 97-101). Finding no clear error in the M&R, upon careful review of the record and the applicable law, the court adopts the M&R, and such claims are allowed to proceed. Defendants' motion to dismiss as to these claims is denied.

## CONCLUSION

Based on the foregoing, upon considered review of the M&R and the record in this case, the court ADOPTS the M&R, and defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. In particular, as set forth herein, the following claims are DISMISSED: (1) Title VII failure to promote claim based upon gender, (2) Title VII hostile work environment claim, (3) wrongful discharge in violation of public policy, and (4) punitive damages claim. The following claims are allowed to proceed: (1) Title VII failure to promote claim based upon race (2) Title VII retaliation claim (3) intentional infliction of emotional distress (4) negligent retention/supervision. Where the deadline for discovery, as set forth in the court's December 16, 2014 amended case management order, is April 1, 2015, and where the dispositive motions deadline is June 1, 2015, the parties are DIRECTED to confer and report to the court within **21 days** of the date of this order, to

4

propose any modification of deadlines in the case management order, or to provide notice that no such modification is necessary, in light of the foregoing.

SO ORDERED, this the 11th day of March, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

5