IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FILE No. 5:14-cv-00198-FL

| | |
|---|---|
| ANGELA T. O'NEAL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DONNIE HARRISON, in his official | ) |
| Capacity as Wake County Sheriff, and | ) |
| THE OHIO CASUALTY INSURANCE | ) |
| COMPANY, as surety, | ) |
| | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

This cause comes before the Court upon a Joint motion by the parties for entry of a protective order to facilitate the orderly progression of discovery in this case while also protecting dissemination of confidential information. Plaintiff has requested personnel files of county employees, portions of which are confidential made confidential by North Carolina law, and the Court, having considered the matter as well as the requirement of N.C.G.S. § 153A-98, finds that good cause exists for the entry of a protective order, and that the following confidential information contained in the personnel file of those employees stated in the Motion be turned over to the attorneys for plaintiff:

a. Name

b. Race

c. Employment Application and/or Resume

d. Personal History Statement

e. Personnel Action Forms

f. Disciplinary Documents

Further, to the extent relevant and material to this proceeding, these materials shall only be used for purposes of this litigation, and the parties are hereby bound to protect the information; if any documents are attached to a pleading or motion, or otherwise filed with the court, that filing shall be filed under seal. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

NOW, THEREFORE it is Ordered that disclosure of the identified portions of the personnel records of the employees of defendant agreed upon by the parties and referred to in the motion, shall be limited to the parties' counsel, counsel's associates, employees of counsel's law firm, and any consultants or experts if counsel confers with any in preparation for trial; The parties shall not in any matter, directly or indirectly, communicate orally or in writing, any confidential data contained in the records to any

persons other than for the purposes directly related to trial of this action, and any such person to whom such communications are made shall be bound by the terms of this Order; any copies made by either party's attorney to this lawsuit shall be used only for this lawsuit and shall not be used outside of this proceeding

    DONE AND ORDERED in Chambers at New Bern, North Carolina on __the 19th__ day of March, 2015.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
U.S. DISTRICT COURT JUDGE